IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| **MICHAEL COLLINS #1261009** | § |
| | § |
| V. | §   A-06-CA-322-SS |
| | § |
| **TRAVIS COUNTY and** | § |
| **JUDGE MIKE DENTON** | § |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Bartlett State Jail. Plaintiff states he is suing Travis County for totally destroying his life. He requests an unspecified amount of monetary damages.

According to Plaintiff, he is currently confined in prison for burglary of a habitation and family violence. Plaintiff explains he was convicted of family violence and received four years probation

1

after pleading guilty pursuant to a plea bargain agreement. One month later, Plaintiff was convicted of burglary of a habitation. On this charge, Judge Perkins sentenced Plaintiff to eight years probation to run concurrent with his four years probation. One month later, Plaintiff was arrested for driving while licence suspended. Plaintiff pleaded guilty and received 30 days in the county jail. The day before Plaintiff was to be released from the county jail, he was informed an application to revoke his probation had been filed. That same night Plaintiff asserts he received papers indicating he had been charged with aggravated assault of his wife. Plaintiff contends the aggravated assault charge was made up. Plaintiff alleges, after waiting in jail for three months, the aggravated assault charge was dropped. Shortly thereafter, Plaintiff's probation was revoked, and Plaintiff was sentenced to three years in prison. Plaintiff complains the aggravated assault charge was used to revoke his probation even though the charge had been dropped. Plaintiff does not complain about the three-year sentence he received. He does, however, complain that he is being required to serve all of his sentence and he is unable to make parole due to the fabricated family violence charge.

Plaintiff also asserts he is unable to make parole due to a misdemeanor family violence conviction from six years ago. Plaintiff asserts Judge Mike Denton convicted him of family violence, because his wife of 22 years told the District Attorney she was afraid to testify against Plaintiff. Plaintiff claims Judge Denton convicted him on this evidence alone. Plaintiff blames Judge Denton for ruining his life. According to Plaintiff, after this conviction, Plaintiff started stealing and using drugs.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Judicial Immunity

Insofar as Plaintiff is seeking monetary damages against Judge Denton, Judge Denton is entitled to absolute immunity for any acts performed as a judge.  It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within his jurisdiction. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).  The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit.  Mireless v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991).  Motive of the judicial officer is irrelevant when considering absolute immunity. See, Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12, 112 S. Ct. at 288. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994) quoting, Mireless, 502 U.S. at 12, 112 S. Ct. at 288. In the case at bar, Plaintiff does not complain of any actions taken by Judge Denton that were non-judicial in nature nor does he show that Judge Denton was acting in the clear absence of all jurisdiction. Because Judge Denton is protected by absolute immunity, Plaintiff's claims for monetary damages against him should be dismissed with prejudice.

  C. Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages against Travis County for his alleged illegal confinement, Plaintiff's claims must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for

4

monetary damages regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of Heck are met.  Plaintiff should be allowed to refile only upon a showing that his convictions have "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 486-87.  The Court notes a dismissal of an in forma pauperis action under the guidance of Heck is a dismissal with prejudice as frivolous.  Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or

mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

The clerk is directed to mail a copy of this Report and Recommendation to all parties by return mail, receipt requested.

SIGNED this 1st day of June, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE